UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re: BAMBI HERRERA-EDWARDS

    Debtor.
_____/

ERIC MOORE,

    Appellant,

v.                                                                      Case No: 8:15-cv-446-T-27
                                                                         Bankr. Case No: 8:12-bk-15725-KRM

BAMBI ALICIA HERRERA-EDWARDS,

    Appellee.
_____/

## ORDER

**BEFORE THE COURT** is Appellant's Motion for De Novo Review and Motion to Compel the Bankruptcy Court to Submit Proposed Findings of Fact and Conclusions of Law Pursuant to 28 U.S.C. § 157(c)(1) (Dkt. 32), and Appellee's response (Dkt. 33). Upon consideration, the Motion is DENIED.

Appellant attempts to challenge the Bankruptcy Court's judgment on remand, without filing a timely notice of appeal in accordance with Fed. R. Bankr. P. 8002(a), the requirements of which are jurisdictional. *See In re Williams*, 216 F.3d 1295, 1298 (11th Cir. 2000). On this basis alone, the motion is procedurally improper.

To the extent Appellant's motion should be construed as an objection to the bankruptcy court's finding that he had the authority to finally adjudicate the state law claims, in light of *Stern*

1

*v. Marshall*, it is overruled.[1] Appellant's contention that the bankruptcy court's judgment on remand were proposed findings of fact and conclusions of law because he did not consent to bankruptcy court jurisdiction is misplaced.[2] (Dkt. 32-3 at 10).

The bankruptcy court thoroughly addressed its jurisdiction over Appellant and found that he consented to the entry of final judgment by the bankruptcy court.[3] I agree. Appellant was expressly advised by the bankruptcy court that

> Not later than the date first set for filing a motion or answer to the complaint, any party objecting to the entry of final orders or judgments by this Court on any issue in this proceeding shall file with the court a motion requesting that this Court determine whether this proceeding is a core proceeding or otherwise subject to the entry of final orders or judgments by this Court. Failure of any party to file a motion on or before the deadline provided in this paragraph shall be deemed consent by such party to this Court entering all appropriate final orders and judgments in this proceeding, subject to review under 28 U.S.C. § 158.

(Dkt. 32-3 at 4-5). Appellant did not file an objection. Instead, he filed an answer demanding that the issues of fraudulent inducement and unjust enrichment be tried. He then filed a motion for summary judgment. He participated in the trial and submitted a post-trial brief. And he ultimately appealed. At no time prior to the entry of judgment did Mr. Moore raise the *Stern* issue. This conduct demonstrates Appellant's implied consent to entry of final judgment by the bankruptcy court.

---

[1] It is also untimely as it was filed 65 days after the bankruptcy court issued its memorandum opinion. See Fed. Bankr. R. P. 9033(b) (providing fourteen days for objections to proposed findings of fact and conclusions of law).

[2] Moreover, the bankruptcy court also found that the Debtor's claims against Appellant for fraud in the inducement and unjust enrichment "were necessarily resolved in the claims allowance process, as contemplated by *Stern*." See *Stern v. Marshall*, 564 U.S. 462, 499, 503, 131 S. Ct. 2594, 2618, 180 L. Ed. 2d 475 (2011) (holding that Article I bankruptcy courts have the "constitutional authority to enter a final judgment on a state law counterclaim" where the "action at issue stems from the bankruptcy itself or would necessarily be resolved in the claims allowance process").

[3] *Wellness Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932, 1947, 191 L. Ed. 2d 911 (2015) (holding "that Article III permits bankruptcy courts to decide *Stern* claims submitted to them by consent," express or implied.).

Appellant makes no substantive argument to the contrary. (*See* Dkts. 32, 32-2 at 9).

Accordingly, Appellant's Motion for De Novo Review and Motion to Compel the Bankruptcy Court to Submit Proposed Findings of Fact and Conclusions of Law Pursuant to 28 U.S.C. § 157(c)(1) (Dkt. 32) is **DENIED**.

**DONE AND ORDERED** this 11th day of December, 2017.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record